MICHAEL P. LAFFEY
MESSINA LAW FIRM, P.C.
961 Holmdel Road
Holmdel, NJ 07733
(732) 332–9300
mlaffey@messinalawfirm.com

MICHAEL R. ROSS*
TYSON C. LANGHOFER*
ALLIANCE DEFENDING FREEDOM
CENTER FOR ACADEMIC FREEDOM
20116 Ashbrook Place, Suite 250
Ashburn, VA 20147
(480) 444–0020
mross@ADFlegal.org
tlanghofer@ADFlegal.org

*Counsel for Plaintiffs*

**Admitted pro hac vice.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YOUNG AMERICANS FOR LIBERTY AT MONTCLAIR STATE UNIVERSITY, and MENA BOTROS;<br><br>         Plaintiffs,<br><br>v.<br><br>The Trustees of Montclair State University—ROSE L. CALI, MARY A. COMITO, VICE-CHAIR DR. FRANCIS M. C. CUSS, CHAIR GEORGE J. HILTZIK, LAWRENCE R. INSERRA, JR., DOUGLAS L. KENNEDY, RALPH A. LAROSSA, JEAN MARC DE GRANDPRE, JOHN L. MCGOLDRICK, WILLIAM T. MULLEN, PRESTON D. PINKETT III, SECRETARY KENT SLUYTER, and STUDENT NIKITA WILLIAMS—all individually and all in their official capacities as members of the Montclair State University Board of Trustees; SUSAN A. COLE, President of Montclair State University, in her official and individual capacities; KAREN PENNINGTON, Vice President of Student Development & Campus Life of Montclair State University, in her official and individual capacities; MARGAREE COLEMAN-CARTER, Dean of Students of Montclair State University, in her | **Civil No. 2:20-cv-00508** |

official and individual capacities; **PAUL M. CELL**, Chief of Police of Montclair State University, in his official and individual capacities; **KALUBA CHIPEPO**, Sergeant of Campus Police for Montclair State University, in his official and individual capacities; **YOLANDA ALVAREZ**, Chair of Bias Education Response Taskforce of Montclair State University, in her official and individual capacities; **HAMAL STRAYHORN**, Co-Chair of Bias Education Response Taskforce of Montclair State University, in her official and individual capacities; **THE STUDENT GOVERNMENT ASSOCIATION OF MONTCLAIR STATE UNIVERSITY INC.**,

Defendants.

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM OF STUDENT GOVERNMENT ASSOCIATION OF MONTCLAIR STATE UNIVERSITY INC.**

**TABLE OF CONTENTS**

Table of Contents ............................................................................................... iii

Table of Authorities ........................................................................................... iv

Argument............................................................................................................. 1

I.   42 U.S.C. § 1988 does not allow SGA to counterclaim for attorney fees, nor could such a counterclaim succeed. ..................................................... 1

   A. Section 1988 does not allow SGA to ask for attorney fees with a counterclaim at the beginning of the case. ........................................... 2

   B. Even if SGA could bring a counterclaim under § 1988, it falls well short of showing it could recover fees for frivolous litigation................. 2

   C. SGA is liable for violating Plaintiffs' constitutional rights. ................. 5

II.  New Jersey Statutes § 2A:15-59.1 similarly authorizes attorney fees only by motion and only for frivolous claims. ............................................. 6

Conclusion .......................................................................................................... 8

## TABLE OF AUTHORITIES

Cases                                                                                                                         Pgs

*Ala. Student Party v. Student Gov't Ass'n of Univ. of Ala.*, 867 F.2d
    1344 (11th Cir. 1989) ................................................................. 5, 6

*Amidon v. Student Ass'n of State Univ. of N.Y.*, 508 F.3d 94
    (2d Cir. 2007) .............................................................................. 4, 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................ 1

*Badger Catholic, Inc. v. Walsh*, 620 F.3d 775 (7th Cir. 2010) ........................... 4

*Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151 (3d Cir. 2001) ............. 3

*Barnes v. Zaccari*, 592 F. App'x 859 (11th Cir. 2015) ................................... 3, 5

*Bd. of Regents of Univ. of Wisc. Sys. v. Southworth*, 529 U.S. 217 (2000) .... 3, 4

*Bd. of Regents of Univ. of Wisc. Sys. v. Southworth*, 307 F.3d 566
    (7th Cir. 2002) ................................................................................. 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .............................................. 1

*Black v. Allegheny Cty.*, 2014 WL 4415333 (W.D. Pa. Sep. 8, 2014) ................. 2

*Carroll v. Blinken*, 42 F.3d 122 (2d Cir. 1994) .................................................. 6

*Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) .......................... 3, 5

*Dae Young Han v. Kwak's Wellness, LLC*, 2009 WL 1444639
    (D.N.J. May 20, 2009) ...................................................................... 6

*Evans v. Prudential Prop. & Cas. Ins. Co.*, 559 A.2d 888
    (N.J. Super. Ct. 1989) ................................................................... 6, 7

*Ferolito v. Park Hill Ass'n, Inc.*, 975 A.2d 473
    (N.J. Super. Ct. App. Div. 2009) ....................................................... 7

*Fox v. Vice*, 563 U.S. 826 (2011) ..................................................................... 3

*Galda v. Bloustein*, 686 F.2d 159 (3d Cir. 1982) ............................................... 5

*McKeown-Brand v. Trump Castle Hotel & Casino*, 626 A.2d 425
    (N.J. 1993) ........................................................................................ 7

*Moor v. Alameda Cty.*, 411 U.S. 693 (1973) ..................................................... 2

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997) ........................ 1

*Raab v. City of Ocean City*, 833 F.3d 286 (3d Cir. 2016) ................................... 3

*Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819 (1995) ............. 4

*Sturgis v. Mattel, Inc.*, 525 F.Supp.2d 695 (D.N.J.2007) .................................... 5

*Tunstall v. Office of Judicial Support of Court of Common Pleas of Delaware Cty.*, 820 F.2d 631 (3d Cir. 1987) .............................................. 2

*Veneziano v. Long Island Pipe Fabrication & Supply Corp.*, 238 F.Supp.2d 683 (D.N.J.2002) .................................................................. 4

# ARGUMENT

Defendant Student Government Association of Montclair State University Inc. ("SGA") counterclaims against Plaintiffs for frivolous litigation under two statutes that allow for attorney fees *by motion* and *after* a party has "prevailed." 42 U.S.C. § 1988; N.J. STAT. ANN. § 2A:15-59.1 (West 2019). Neither statute allows a defendant to seek attorney fees at the start of a case through a counterclaim. Plaintiffs' claims against SGA's discriminatory student fee practices, policies, and regulations are also far from frivolous; they rest on well-settled constitutional law. The Court should thus dismiss SGA's counterclaim under FED. R. CIV. P. 12(b)(6).

SGA's counterclaim states in full:
1. The within cause of action has been instituted by the Plaintiffs in bad faith, without merit, is frivolous, and is intended only to harass and cause the SGA great expense in the defense of same.
2. The SGA has been damaged and by way of Counterclaim against the Plaintiffs, demands judgment for counsel fees and costs pursuant to 42 USC 1988 and NJSA 2A:15-59.1.

Def. SGA's Answer at 24, ECF No. 12.

A court should dismiss a counterclaim under FED. R. CIV. P. 12(b)(6) if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[B]ald assertions" or "legal conclusions" alone are insufficient. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). But that is all SGA provides. It fails on this alone and for the reasons below.

**I.   42 U.S.C. § 1988 does not allow SGA to counterclaim for attorney fees, nor could such a counterclaim succeed.**

SGA has no basis to counterclaim under a statute for recovering attorney

fees. Even if § 1988 did authorize a counterclaim, the Court should still dismiss it because it has no chance of succeeding.

### A. Section 1988 does not allow SGA to ask for attorney fees with a counterclaim at the beginning of the case.

Under § 1988, a "prevailing party" in a suit brought under certain federal statutes may seek attorney fees. Section 1988 does not create an independent federal cause of action, but complements statutes that do. *Moor v. Alameda Cty.*, 411 U.S. 693, 703–04 & n.17 (1973) (Section 1988 "instructs federal courts as to what law to apply," but does not itself "create[] a federal cause of action."). That is why courts do not allow a party to seek attorney fees under § 1988 through a counterclaim. *Black v. Allegheny Cty.*, 2014 WL 4415333, at *1 (W.D. Pa. Sep. 8, 2014) (denying counterclaim under § 1988 "[b]ecause the appropriate avenue to seek attorney's fees under § 1988 is through motion . . . after a party has 'prevailed'").

Attorney fees must instead be sought *by motion* and only *after* a party has "prevail[ed]." 42 U.S.C. § 1988(b); *Tunstall v. Office of Judicial Support of Court of Common Pleas of Delaware Cty.*, 820 F.2d 631, 633 (3d Cir. 1987) ("[F]or [a government official] to be liable under § 1988 for fees, it must first state a claim under § 1983."). Thus, SGA cannot bring a counterclaim for attorney fees under § 1988 at the start of a lawsuit.

### B. Even if SGA could bring a counterclaim under § 1988, it falls well short of showing it could recover fees for frivolous litigation.

Even assuming SGA could bring a counterclaim for fees, it falls so short of the standard for recovery that the Court should dismiss it.

Although prevailing plaintiffs "should ordinarily recover an attorney's fee" because they are acting as a "private attorney general," a prevailing defendant

2

can recover only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833 (2011). "In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978).

To determine whether a claim is frivolous, courts consider several factors, including "whether the plaintiff established a prima facie case, the defendant offered to settle, the trial court dismissed the case prior to trial or the case continued until a trial on the merits." *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001). "Attorney's fees for prevailing defendants under this standard are 'not routine, but are to be only sparingly awarded.'" *Raab v. City of Ocean City*, 833 F.3d 286, 297 (3d Cir. 2016) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 503 (3d Cir. 1991)); *accord Barnes v. Zaccari*, 592 F. App'x 859, 871, 871–72 (11th Cir. 2015) (courts rarely find claims to be frivolous "where the plaintiffs introduced evidence sufficient to support their claims" or where "it is meritorious enough to receive careful attention and review").

Of course, the Court cannot assess any of these factors yet. But even if it could, Plaintiffs' claims here stand on firm footing. Plaintiffs' counsel regularly wins challenges to student activity fee and student organization policies substantially similar to SGA's here. Counsel has directly won on final judgments. *See, e.g.*, *Bd. of Regents of Univ. of Wisc. Sys. v. Southworth*, 529

3

U.S. 217 (2000); *Bd. of Regents of Univ. of Wisc. Sys. v. Southworth*, 307 F.3d 566 (7th Cir. 2002); *Badger Catholic, Inc. v. Walsh*, 620 F.3d 775, 776 (7th Cir. 2010). Counsel has funded or filed amicus briefs supporting others. *See, e.g.*, *Amidon v. Student Ass'n of State Univ. of N.Y.*, 508 F.3d 94 (2d Cir. 2007) (funded); *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819 (1995) (amicus). And counsel has obtained numerous settlements where the university paid attorneys' fees and changed their unconstitutional policies. *See, e.g.*, Alliance Defending Freedom, *Pro-Life Student Group's Lawsuit Prompts Systemwide Policy Change at Nation's Largest University*, Feb. 4, 2020, https://bit.ly/2QgjYaI; Alliance Defending Freedom, *Young Americans for Freedom v. University of Florida*, Aug. 1, 2019, https://bit.ly/38Ya3x4; Alliance Defending Freedom, *Lawsuit Prompts Kennesaw State to End Illegal Fees, Hierarchical Caste System for Student Organizations*, Oct. 24, 2018, https://bit.ly/2x5410b; *see generally* Alliance Defending Freedom, Cases, https://bit.ly/39ZtVkO (last visited Mar. 17, 2020) (listing 48 wins on student fees). The lawsuit against Kennesaw State also prompted that university to change a four-tiered student organization ranking system much like the one SGA has here.

And even if the claims were weak, "[t]here is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success . . . . [I]t is only the latter that permits defendants to recover attorney's fees." *Veneziano v. Long Island Pipe Fabrication & Supply Corp.*, 238 F.Supp.2d 683, 689 (D.N.J.2002) (quoting *Khan v. Gallitano*, 180 F.3d 829, 837 (7th Cir.1999)). Courts have no trouble

4

denying fees to government defendants even where a plaintiff does not prevail. *See, e.g.*, *Sturgis v. Mattel, Inc.*, 525 F.Supp.2d 695 (D.N.J.2007) (finding that even though the Court granted summary judgment, "it has not determined that this action was frivolous"); *Zaccari*, 592 F. App'x at 873 (reversing award of fees to defendants who won on summary judgment in student fee case). Attempting to determine frivolity at the outset of a case is also particularly inappropriate. *Christianburg*, 434 U.S. at 422 (noting that "the course of litigation is rarely predictable" and that "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit").

Simply put, there is no basis for SGA to maintain any claim for frivolous litigation under § 1988, especially one brought improperly as a counterclaim.[1]

### C. SGA is liable for violating Plaintiffs' constitutional rights.

Furthermore, SGA's counterclaim is futile because it is liable for violating Plaintiffs' rights. It made the student fee allocation decisions and the decisions regulating student organizations challenged here, exercising authority the University has delegated to it. Compl. Ex. 2 at 2, ECF No. 1-2.

Student governments and other groups are regularly subject to lawsuits when they administer and regulate student organizations and disburse student fees unconstitutionally. *See, e.g.*, *Galda v. Bloustein*, 686 F.2d 159 (3d Cir. 1982); *Amidon*, 508 F.3d 94; *Ala. Student Party v. Student Gov't Ass'n of Univ. of Ala.*, 867 F.2d 1344, 1345 (11th Cir. 1989) ("The district court first determined that the SGA was a state actor subject to the same constitutional

---

[1] Though Plaintiffs are not seeking sanctions, SGA's counterclaim is itself frivolous and deserves sanctions under FED. R. CIV. P. 11(c).

5

restrictions as the University itself."); *Carroll v. Blinken*, 42 F.3d 122, 131 (2d Cir. 1994) (private group that administered student activity fees "were joint participants in the unlawful conduct").

SGA cannot bring a counterclaim under § 1988. Even if it could, it falls well short of being able to show it is a frivolous claim. And since it is liable as a state actor, SGA has no leg to stand on for its counterclaim.

## II. New Jersey Statutes § 2A:15-59.1 similarly authorizes attorney fees only by motion and only for frivolous claims.

It is even clearer that the New Jersey statute does not authorize a counterclaim. This court may not have jurisdiction to rule on a state statute. But even if it does, the statute does not support a counterclaim for reasons much like § 1988.

Recovering attorney fees under N.J. STAT. ANN. § 2A:15-59.1 "is conditioned upon two events occurring in the past." *Evans v. Prudential Prop. & Cas. Ins. Co.*, 559 A.2d 888, 891 (N.J. Super. Ct. 1989). A party must "prevail[]" and a judge must find that a "complaint, counterclaim, cross-claim or defense of the nonprevailing party was frivolous." N.J. STAT. ANN. § 2A:15-59.1 (West 2019).

Two cases have directly rejected the idea that the New Jersey statute allows a party to assert a counterclaim. *Evans*, 559 A.2d at 892 ("[S]ince a frivolous advanced position must have been articulated in the past, any right to relief under N.J.S.A. 2A:15–59.1 has not accrued for the purpose of asserting that right in a responsive pleading."); *Dae Young Han v. Kwak's Wellness, LLC*, 2009 WL 1444639, at *4 (D.N.J. May 20, 2009) (prohibiting counterclaim under same statute and holding that "a party wishing to avail itself of the NJFCA must proceed by way of motion") (citing *Evans*, 559 A.2d at 894).

6

The *Evans* court also gave two other reasons the statute does not authorize a counterclaim. First, the statute requires the judge to be a factfinder. *Evans*, 559 A.2d at 893–94. Second, punitive damages are unavailable under the statute. *Id.* at 894. A counterclaim can be heard by jury and can request punitive damages, so it makes no sense to bring a counterclaim under the statute. Thus, SGA cannot bring a counterclaim for frivolous litigation under the statute.

And even if SGA could bring this counterclaim, it would fall well short of showing that this litigation is "frivolous." The statute states that a complaint is frivolous if it is "commenced, used or continued in bad faith, solely for the purpose of harassment delay, or malicious injury," or if "[t]he nonprevailing party knew, or should have known, that the complaint . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." N.J. STAT. ANN. § 2A:15-59.1. Notwithstanding the disjunctive in the statute, courts will not award fees if the "plaintiff did not act in bad faith in asserting her claim." *McKeown-Brand v. Trump Castle Hotel & Casino*, 626 A.2d 425, 426 (N.J. 1993). That is, acting in bad faith is a necessary element under the statute. And like § 1988, even "a grant of a motion for summary judgment in favor of a defendant, without more, does not support a finding" that plaintiff's claim was frivolous. *Ferolito v. Park Hill Ass'n, Inc.*, 975 A.2d 473, 478 (N.J. Super. Ct. App. Div. 2009).

For the same reasons as above, SGA cannot bring a counterclaim under the New Jersey Statute. Even if it could, SGA cannot come close to showing that

7

this suit lacks a reasonable basis in law or equity. Nor could it possibly show that Plaintiffs brought this claim in bad faith.

## CONCLUSION

SGA's counterclaim is conclusory, has no basis in the statutes, and runs headlong into well-settled constitutional law. It is thus insufficient to survive a motion to dismiss. For these reasons, Plaintiffs ask this Court to dismiss SGA's counterclaim.

Respectfully submitted on the 17th day of March, 2020,

*Michael P Laffey*
MICHAEL P. LAFFEY
MESSINA LAW FIRM, P.C.
961 Holmdel Road
Holmdel, NJ 07733
(732) 332–9300
mlaffey@messinalawfirm.com

MICHAEL R. ROSS*
TYSON C. LANGHOFER*
ALLIANCE DEFENDING FREEDOM
CENTER FOR ACADEMIC FREEDOM
20116 Ashbrook Place, Suite 250
Ashburn, VA 20147
(480) 444–0020
mross@ADFlegal.org
tlanghofer@ADFlegal.org

*Counsel for Plaintiffs*

*Admitted pro hac vice.