MICHAEL P. LAFFEY
MESSINA LAW FIRM, P.C.
961 Holmdel Road
Holmdel, NJ 07733
(732) 332–9300
mlaffey@messinalawfirm.com

MICHAEL R. ROSS*
TYSON C. LANGHOFER*
ALLIANCE DEFENDING FREEDOM
CENTER FOR ACADEMIC FREEDOM
20116 Ashbrook Place, Suite 250
Ashburn, VA 20147
(480) 444–0020
mross@ADFlegal.org
tlanghofer@ADFlegal.org

*Counsel for Plaintiffs*

*Admitted pro hac vice.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YOUNG AMERICANS FOR LIBERTY AT MONTCLAIR STATE UNIVERSITY**, and **MENA BOTROS**;<br><br>      Plaintiffs,<br><br>v.<br><br>The Trustees of Montclair State University—**ROSE L. CALI, MARY A. COMITO, VICE-CHAIR DR. FRANCIS M. C. CUSS, CHAIR GEORGE J. HILTZIK, LAWRENCE R. INSERRA, JR., DOUGLAS L. KENNEDY, RALPH A. LAROSSA, JEAN MARC DE GRANDPRE, JOHN L. MCGOLDRICK, WILLIAM T. MULLEN, PRESTON D. PINKETT III, SECRETARY KENT SLUYTER,** and **STUDENT NIKITA WILLIAMS**—all individually and all in their official capacities as members of the Montclair State University Board of Trustees; **SUSAN A. COLE**, President of Montclair State University, in her official and individual capacities; **KAREN PENNINGTON**, Vice President of Student Development & Campus Life of Montclair State University, in her official and individual capacities; **MARGAREE COLEMAN-CARTER**, Dean of Students of Montclair State University, in her | **Civil No. 2:20-cv-00508** |

official and individual capacities; **PAUL M. CELL**, Chief of Police of Montclair State University, in his official and individual capacities; **KALUBA CHIPEPO**, Sergeant of Campus Police for Montclair State University, in his official and individual capacities; **YOLANDA ALVAREZ**, Chair of Bias Education Response Taskforce of Montclair State University, in her official and individual capacities; **HAMAL STRAYHORN**, Co-Chair of Bias Education Response Taskforce of Montclair State University, in her official and individual capacities; **THE STUDENT GOVERNMENT ASSOCIATION OF MONTCLAIR STATE UNIVERSITY INC.**,

Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM OF STUDENT GOVERNMENT ASSOCIATION OF MONTCLAIR STATE UNIVERSITY INC.**

## TABLE OF CONTENTS

Table of Authorities ........................................................................................ iv

Argument.......................................................................................................... 1

I. The SGA concedes that its request for attorneys' fees under § 1988 is premature and ignores how far it falls below what defendants must show to recover fees.........................................................................................2

   A. The SGA ignores how § 1988 does not authorize a counterclaim for attorneys' fees. ...................................................................................2

   B. The SGA ignores the high bar to show that litigation is "frivolous" and cannot possibly make that showing. ...................................................3

II. The SGA ignores the plain text of N.J. STAT. ANN. § 2A:15-59.1, which authorizes attorneys' fees only by motion and only for frivolous claims. ...................................................................................................5

Conclusion ........................................................................................................ 6

Certificate of Service........................................................................................ 7

## TABLE OF AUTHORITIES

Cases                                                                                                                         Pgs

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................................... 4

*Barnes v. Zaccari,*
    592 F. App'x 859 (11th Cir. 2015) ..................................................................................... 3

*Bell Atlantic Corporation v. Twombly,*
    550 U.S. 544 (2007) ........................................................................................................... 4

*Black v. Allegheny County,*
    No. 2:13-cv-179, 2014 WL 4415333 (W.D. Pa. Sep. 8, 2014) ......................................... 2–3

*Christianburg Garment Co. v. EEOC,*
    434 U.S. 412 (1978) ........................................................................................................... 3

*Dae Young Han v. Kwak's Wellness, LLC,*
    No. 08-cv-2677, 2009 WL 1444639 (D.N.J. May 20, 2009) .............................................. 5

*Evans v. Prudential Property & Casualty Insurance Co.,*
    559 A.2d 888 (N.J. Super. Ct. 1989) ................................................................................. 5

*Fox v. Vice,*
    563 U.S. 826 (2011) ....................................................................................................... 1, 3

*Gingham v. Liberty Mutual Fire Insurance Co.,*
    No. 09-cv-2798, 2010 WL 1379909 (D.N.J. Mar. 26, 2010) ............................................. 4

*Illinois National Insurance Co. v. Wyndham Worldwide Operations, Inc.,*
    653 F.3d 225 (3d Cir. 2011) ............................................................................................... 6

*McKeown-Brand v. Trump Castle Hotel & Casino,*
    626 A.2d 425 (N.J. 1993) ................................................................................................... 6

*Moor v. Alameda County,*
    411 U.S. 693 (1973) ....................................................................................................... 1–2

*Quiroga v. Hasbro, Inc.,*
    934 F.2d 497 (3d Cir. 1991) ............................................................................................... 3

*Raab v. City of Ocean City, N.J.,*
    833 F.3d 286 (3d Cir. 2016) ............................................................................................... 3

*Sturgis v. Mattel, Inc.,*
    525 F. Supp. 2d 695 (D.N.J. 2007) .................................................................................... 3

*Tunstall v. Office of Judicial Support of Common Pleas of Delaware County*,
    820 F.2d 631 (3d Cir. 1987) ............................................................................. 2–3

Statutes                                                                                                           Pgs.

42 U.S.C. § 1988 ................................................................................................. 1

N.J. Stat. Ann. § 2A:15-59.1 (West 2019) .......................................................... 1, 5–6

# ARGUMENT

The SGA counterclaims against Plaintiffs for frivolous litigation under two statutes that allow for attorneys' fees *by motion* and *after* a party "prevails." 42 U.S.C. § 1988; N.J. STAT. ANN. § 2A:15-59.1 (West 2019). But neither statute allows a defendant to seek attorneys' fees at the start of a case through a counterclaim. Pls.' Br. in Supp. of Mot. to Dismiss SGA's Countercl. ("MTD Br.") at 2, 6–7, ECF No. 15-1. And Plaintiffs' claims against the SGA's discriminatory student fee practices, policies, and regulations are far from frivolous; they rest on well-settled constitutional law.

The SGA admits that it "must prevail in this matter" before it can obtain attorneys' fees. Def. SGA's Resp. to Mot. to Dismiss ("MTD Resp.") at 5, ECF No. 17. It ignores governing caselaw establishing that § 1983 does not "create[ ] a federal cause of action," but complements statutes that do. *Moor v. Alameda Cty.*, 411 U.S. 693, 703–04 & n.17 (1973). The SGA completely ignores that, to recover fees, it must not only win, but also show that Plaintiffs' claims are "frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833 (2011). And it pays no attention to the mountain of authority showing the unconstitutionality of similar, and less burdensome, student fee regulations. Pls.' MTD Br. at 3–4, ECF No. 15-1.

Likewise, the SGA ignores the plain text of N.J. STAT. ANN. § 2A:15-59.1, which authorizes attorneys' fees only for a "prevailing" party and only after a judge has found that the litigation is "frivolous" and brought in bad faith. The SGA has not prevailed, and it cannot possibly prove that Plaintiffs' claims are frivolous. Thus, this Court should dismiss the SGA's counterclaim.

1

**I.  The SGA concedes that its request for attorneys' fees under § 1988 is premature and ignores how far it falls below what defendants must show to recover fees.**

Put simply, the SGA cannot seek attorneys' fees through a counterclaim. Pls.' MTD Br. at 2, ECF No. 15-1. The SGA admits this, saying that Plaintiffs "correctly note that the SGA must prevail in this matter" before it can obtain attorneys' fees. Def. SGA's MTD Resp. at 5, ECF No. 17. This alone is sufficient to dismiss its counterclaim.

In addition, the SGA ignores both the high bar for "frivolous" litigation and the governing precedent that condemns its funding scheme. Pls.' MTD Br. at 2–5, ECF No. 15-1. The SGA may say incessantly that Plaintiffs filed this lawsuit on "false factual allegations," but this is conclusory and lacks any factual support. Thus, it cannot support the counterclaim.

**A. The SGA ignores how § 1988 does not authorize a counterclaim for attorneys' fees.**

Again, § 1988 does not "create[ ] a federal cause of action," but complements statutes that do. *Moor*, 411 U.S. at 703–04 & n.17 (1973); *accord Tunstall v. Office of Judicial Support of Common Pleas of Del. Cty.*, 820 F.2d 631, 633 (3d Cir. 1987) (for a party "to be liable under § 1988 for fees, [the claimant] must first state a claim under § 1983").

The SGA's attempt to distinguish *Tunstall* from its own counterclaim proves the point. The SGA states that, unlike the plaintiff in *Tunstall*, "the SGA is not asserting its own substantive claim against the Plaintiffs." Def. SGA's MTD Resp. at 4, ECF No. 17. But that is the problem: a request for attorneys' fees under § 1988 cannot exist independently as a counterclaim.

Instead, "the appropriate avenue to seek attorney's fees under § 1988 is through motion . . . after the party has 'prevailed.'" *Black v. Allegheny Cty.*, No.

2:13-cv-179, 2014 WL 4415333, at *1 (W.D. Pa. Sep. 8, 2014) (citing *Tunstall*, 820 F.2d at 633). The SGA cannot escape this governing law. Thus, it cannot bring a counterclaim for attorneys' fees under § 1988 at the start of a lawsuit.

### B. The SGA ignores the high bar to show that litigation is "frivolous" and cannot possibly make that showing.

Furthermore, the SGA ignores that it can recover attorneys' fees only if it shows that Plaintiffs' claims against it are "frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833 (2011).

Attorneys' fees for defendants in civil rights cases "are 'not routine, but are to be only sparingly awarded.'" *Raab v. City of Ocean City, N.J.*, 833 F.3d 286, 297 (3d Cir. 2016) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 503 (3d Cir. 1991)). This remains true even where a plaintiff's claims are weak or where plaintiff ultimately loses. *See, e.g.*, *Barnes v. Zaccari*, 592 F. App'x 859, 871, 873 (11th Cir. 2015) (reversing award of fees to defendants who won on summary judgment); *Sturgis v. Mattel, Inc.*, 525 F. Supp. 2d 695, 708–09 (D.N.J. 2007) (denying attorneys' fees to defendants even though the court granted summary judgment because "it has not determined that this action was frivolous").

And again, attempting to determine frivolity this early is also particularly inappropriate. *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) (noting that "the course of litigation is rarely predictable" and that "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit").

The SGA ignores these barriers because it cannot possibly clear them. At this juncture, it cannot prove that Plaintiffs' allegations are false. Nor will it

3

later, especially since the bulk of Plaintiffs' claims against the SGA are facial challenges to text of its policies. Compl. ¶¶ 175–200, ECF No. 1. These claims are grounded in governing caselaw, that other courts nationwide have applied to strike down similar policies. Pls.' MTD Br. at 3–4, ECF No. 15-1.

Instead of addressing this, the SGA repeatedly states that Plaintiffs alleged facts that they "know to be false." Def. SGA's MTD Resp. at 1, ECF No. 17; *see also id.* at 1 ("Plaintiffs made meritless allegations . . . in bad faith"), *id.* at 3 ("false factual allegations"), *id.* at 5 ("materially false allegations"). But it never specifies what facts are false, never disputes that it is a proper defendant, and never denies the veracity of the SGA's governing rules and its Class System, which are the subject of the challenges. Compl. ¶¶ 66–98, ECF No. 1; SGA's Ans. & Countercl. ¶¶ 66–97, ECF No. 12 (admitting these facts).

These are "'naked assertions' devoid of 'further factual enhancement'" and thus cannot stave off a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). This is doubly true here, since the SGA essentially alleges that Plaintiffs fraudulently pleaded their claims. FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Gingham v. Liberty Mut. Fire Ins. Co.*, No. 09-cv-2798, 2010 WL 1379909, at *4 (D.N.J. Mar. 26, 2010) (dismissing bad faith claim because it did not "expressly state or aver specific facts" of bad faith and "summarily allege[d]" bad faith).

Simply put, SGA has no basis for its claim of frivolous litigation under § 1988, especially one brought improperly as a counterclaim.

## II. The SGA ignores the plain text of N.J. STAT. ANN. § 2A:15-59.1, which authorizes attorneys' fees only by motion and only for frivolous claims.

It is similarly clear that the New Jersey statute does not authorize a counterclaim. SGA's interpretation flatly contradicts the statute's text. Plus, SGA falls well short of proving that Plaintiffs' claims against it are frivolous.

To recover under the statute, a party must "prevail" and a judge must find that the other party's claims were "frivolous." N.J. STAT. ANN. § 2A:15-59.1 (West 2019). Recovery is thus "conditioned upon two events occurring in the past," so "any right to relief under N.J.S.A. § 2A:15-59.1 has not accrued for the purpose of asserting that right in a responsive pleading." *Evans v. Prudential Prop. & Cas. Ins. Co.*, 559 A.2d 888, 891–92 (N.J. Super. Ct. 1989); *Dae Young Han v. Kwak's Wellness, LLC*, No. 08-cv-2677, 2009 WL 1444639, at *4 (D.N.J. May 20, 2009) (prohibiting counterclaim under same statute and holding that "a party wishing to avail itself of the NJFCA must proceed by way of motion").

Not only can the SGA not use an attorneys' fee statute to bring a counterclaim, but it also falls far short of proving that this litigation is "frivolous"—that Plaintiffs brought this case "solely for the purpose of harassment, delay, or malicious injury," or that there is no "reasonable basis in law or equity" whatsoever for the legal claims. N.J. STAT. ANN. § 2A:15-59.1.b. When courts have struck down similar policies, Plaintiffs' claims cannot be frivolous. *See, e.g.*, Pls.' MTD Br. at 3–4, ECF No. 15-1.

Instead of addressing these legal impediments to its counterclaim, the SGA states that *Evans* and *Dae Young Han* are not binding authority. But the statute's text is binding and requires that the claims be "without any

5

reasonable basis in law or equity" and that they be brought "in bad faith." N.J. Stat. Ann. § 2A:15-59.1; *McKeown-Brand v. Trump Castle Hotel & Casino*, 626 A.2d 425, 426 (N.J. 1993). The SGA provides no substantive response to either case's reasoning. Nor does it provide any countervailing authority—or any reason at all—to interpret the statute differently. This is especially troubling since "federal courts must attribute significant weight" to lower state court decisions. *Ill. Nat. Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 653 F.3d 225, 231 (3d Cir. 2011).

Therefore, the SGA cannot show how the New Jersey statute authorizes a counterclaim, nor can it come close to proving that the litigation was brought in bad faith and is without any foundation. Its motion should be dismissed.

## CONCLUSION

The SGA's counterclaim is conclusory, has no basis in federal or state statutes, and runs headlong into well-settled constitutional law. Its failure to respond to Plaintiffs' arguments demonstrates how it is fundamentally flawed. Thus, Plaintiffs respectfully ask this Court to dismiss SGA's counterclaim.

Respectfully submitted on the 28th day of May, 2020,

*s/ Michael Laffey*
MICHAEL P. LAFFEY
MESSINA LAW FIRM, P.C.
961 Holmdel Road
Holmdel, NJ 07733
(732) 332–9300
mlaffey@messinalawfirm.com

MICHAEL R. ROSS*
TYSON C. LANGHOFER*
ALLIANCE DEFENDING FREEDOM
CENTER FOR ACADEMIC FREEDOM
20116 Ashbrook Place, Suite 250
Ashburn, VA 20147
(480) 444–0020
mross@ADFlegal.org
tlanghofer@ADFlegal.org

*Counsel for Plaintiffs*

**Admitted pro hac vice.*

6

7

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 28, 2020, I electronically filed the above Motion to Dismiss with the Clerk of Court for the United States District Court for the District of New Jersey. I certify that all participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

                                       *s/ Michael P. Laffey*
                                       MICHAEL P. LAFFEY
                                       *Attorney for Plaintiffs*

7